[Cite as *State v. Parker*, 2012-Ohio-4820.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97988**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL PARKER

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED IN PART AND REVERSED IN PART

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-521078

**BEFORE:** Sweeney, J., Blackmon, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 18, 2012

**APPELLANT**

Michael Parker, Pro Se
No. 572-106
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio   44030

**ATTORNEYS   FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mark J. Mahoney
Assistant County Prosecutor
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

**{¶1}** Defendant-appellant Michael Parker appeals the portion of the trial court's order that denied his request for return of property with respect to a 2000 Freightliner truck and $1,477 in U.S. currency. For the reasons that follow, we affirm in part and reverse in part.

**{¶2}** In CR-521078, a jury found defendant guilty of various felony offenses and specifications. The indictment included numerous forfeiture specifications; some related to defendant and others related to his co-defendants.

**{¶3}** Appellant's conviction and sentence were affirmed by *State v. Parker*, 8th Dist. No. 93835, 2011-Ohio-1059. *Parker* summarizes the operative facts of the case, which we incorporate here.

**{¶4}** In *Parker*, this court addressed an assigned error pertaining to the forfeiture specification and expressly stated:

> Here, the indictment contained such specifications for currency, cell phones, a DVD player, an iPod, a handgun and two vehicles. However the journal entry ordering forfeiture states only, "defendant to forfeit the following two vehicles to the Cleveland Police Department pursuant to R.C. 2933.41(D)(8), 2004 GMC VIN#1GK***6041 and a 2003 Truck VIN#1FT****1303."
>
> * * *
>
> Appellant chose to have the forfeiture specification tried to the bench, as evidenced by a signed waiver on July 20, 2009. A forfeiture hearing was conducted on July 29, 2009, where the court found that all items listed in

the specifications were forfeited. The original journal entry memorializing appellant's sentence did not contain reference to the disposition of seized property. The trial court issued a nunc pro tunc entry that included the quoted passage above. Therefore, these are the only items appellant is required to forfeit, and review will be limited accordingly.

*Id.* at ¶ 118, 120.

**{¶5}** Based on this court's decision, defendant requested that his property (that was not subject to the forfeiture order) be returned to him. The State conceded to the return of most, but not all, of the property that defendant had identified in his request. In particular, the State maintained that defendant had not established ownership of either the sum of $1,477 or the 2000 Freightliner truck. The trial court denied defendant's request for the return of those items for that reason. Defendant now challenges that portion of the court's ruling.

**{¶6}** Criminal forfeiture proceedings are governed by R.C. 2981.04.

**{¶7}** R.C. 2981.04(A)(1) provides that property may be forfeited if the indictment contains a specification that identifies, to the extent it is reasonably known, the following information:

> (a) The nature and extent of the alleged offender's or delinquent child's interest in the property;
>
> (b) A description of the property;
>
> (c) If the property is alleged to be an instrumentality, the alleged use or intended use of the property in the commission or facilitation of the offense.

R.C. 2981.04(A)(2) allows for the forfeiture of additional property even if it is not contained in the indictment as long as it was "not reasonably foreseen to be subject to

forfeiture at the time of filing the indictment" and "if the prosecutor, upon discovering the property to be subject to forfeiture, gave prompt notice of this fact to the alleged offender * * * under Criminal Rule 7(E) * * *."

{¶8} The State does not dispute that $1,477 in U.S. currency was seized from the defendant at the scene. The State, however, did not seek a forfeiture order pertaining to this cash in the indictment nor was it identified in the bill of particulars filed on May 1, 2009, as being an item subject to forfeiture. *See* R.C. 2981.04(A)(2); Crim.R. 7(E). Therefore, this item is not even subject to criminal forfeiture proceedings.

{¶9} Even assuming this item was the subject of forfeiture proceedings, the forfeiture order entered in this case did not include it. It is incumbent upon the State to "attempt to identify any person with an interest in the property subject to forfeiture by searching appropriate public records and making reasonably diligent inquiries." A property supplement bearing a designation "Cuyahoga County Prosecutor's Office 5022084 * * * 3/5/2009 Page 76" indicates that $1,192 and $1,477 in U.S. Currency and a $2,000 money order were "[f]ound on [s]cene" and were attributed to defendant. While the State complains that defendant did not introduce this record to the trial court, the State should have introduced it to the extent it was in its possession or knowledge.

{¶10} The State contends that defendant has not proved that the $1,477 belonged to him. It appears undisputed that the $1,477 was taken from defendant. There is no third party claiming ownership. Further, it was not included in the trial court's forfeiture

order in defendant's case, which was affirmed on appeal. Accordingly, the State has offered no legal basis for its retention of this property.

{¶11} With respect to the 2000 Freightliner truck, the trial court properly denied defendant's request for its return to him. The forfeiture specification in the indictment provides that the truck belonged to a co-defendant. There is no evidence in this record that defendant had any ownership interest in the subject truck.[1]

{¶12} Judgment affirmed in part, reversed in part.

It is ordered that appellee and appellant split the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

PATRICIA ANN BLACKMON, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR

---

[1]Although the State appropriately objects to the consideration of certain documents submitted by defendant for the first time at the appellate level, we do note that the documents relating to the truck's ownership identify the owner as "Legendary Carriers LLC," not defendant.