[Cite as *Bedford v. Doerner*, 2013-Ohio-1798.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98794**

## CITY OF BEDFORD

PLAINTIFF-APPELLEE

vs.

## JAMES DOERNER, ET AL.

DEFENDANTS

[Appeal by Max Inc. d.b.a. B & B Music & Video]

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Bedford Municipal Court
Case No. 11 CRB 02169

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 2, 2013

**ATTORNEYS FOR APPELLANT**

Dominic J. Vitantonio
George J. Argie
Argie, D'Amico & Vitantonio
6449 Wilson Mills Road
Mayfield Village, OH   44143


**ATTORNEYS FOR APPELLEE**

Ross S. Cirincione
5306 Transportation Blvd.
Garfield Heights, OH   44125

Kenneth A. Schuman
Prosecuting Attorney
City of Bedford
5306 Transportation Blvd.
Garfield Heights, OH   44125

SEAN C. GALLAGHER, J.:

{¶1} Appellant, Max Inc. d.b.a. B & B Music & Video ("B & B"), appeals the decision of the Bedford Municipal Court denying its motion for an order to return property. For the reasons stated herein, we reverse the decision of the trial court and remand with instructions for the court to order a return of the property and to amend its forfeiture order.

{¶2} James Doerner is the defendant in the underlying case. He operates a tavern known as "Automile Inn" located in Bedford, Ohio. The Ohio Department of Public Safety conducted an investigation at this location that revealed Doerner was paying cash prizes to customers for credits earned playing six electronic video machines located in the tavern. Three of the machines were identified as "Tic-Tac fruit machines," and three were "Puzzle Bug machines." The machines were provided to Automile Inn pursuant to an agreement with B & B. Under the agreement, which was executed by Doerner, Automile Inn agreed to pay 50 percent of the proceeds taken from the operation of the machines to B & B.

{¶3} Doerner was charged with operating a gambling house in violation of R.C. 2915.03(A) and with gambling — possession of a device in violation of R.C. 2915.02(A)(5). Pursuant to a plea agreement, the charge for operating a gambling house was dismissed, and Doerner pled no contest to an amended charge of gambling in violation of Bedford Codified Ordinances 517.02. The trial court found him guilty of the charge as amended. Doerner was sentenced on March 21, 2012. The trial court fined

him $750 and costs, sentenced him to 180 days in jail with the full sentence suspended, and ordered him to forfeit $6,500 and the machines.

{¶4} On April 24, 2012, B & B filed a third-party motion for an order to return property. B & B asserted that it is the sole owner of the machines, that Doerner had no interest in the forfeited machines, and that the forfeiture of the property was not in compliance with forfeiture laws. B & B included a copy of the "Amusement and Coin Operated Equipment Agreement" and an affidavit from its president. In opposing the motion, the city of Bedford argued that the electronic video machines were video slot machines and that the gambling devices constituted illegal contraband and therefore were subject to seizure.

{¶5} A hearing was held on the motion at which B & B presented proof of ownership of the machines, including purchase receipts. B & B's ownership was not disputed. B & B claimed that the machines were skill-based amusement machines that were leased to Doerner. B & B further asserted that the law allows for the payment of merchandise prizes of less than $10 on skill-based amusement machines and there was nothing to show that B & B was aware of the illegal use of the machines by Doerner.[1]

{¶6} The prosecutor claimed that B & B's attorney advised him at the time of Doerner's final pretrial that he also represented the owner of the machines and it was

---

[1] Ohio law permits the operation of skill-based amusement machines, which were defined under former R.C. 2915.01(AAA)(1) to have a merchandise-prize limit of $10 for a single play. *Pickaway Cty. Skilled Gaming, L.L.C. v. Cordray*, 127 Ohio St.3d 104, 2010-Ohio-4908, 936 N.E.2d 944, ¶ 1. The same restriction appears in the present definition, which is now set forth under R.C. 2915.01(UU)(1), effective June 11, 2012.

agreed B & B would have to file for return of the property. The prosecutor also suggested that B & B took 50 percent of the profits from the illegal activity and was hiding behind the fact that it leased the machines. We recognize that we recently addressed veiled attempts to mask gambling operations, noting "the justice system is not some lumbering oaf who must ignore the patently obvious gambling scheme(s) * * * ." *Cleveland v. Thorne*, 8th Dist. Nos. 98365, 98474, 98503, 98695, 98696, and 98697, 2013-Ohio-1029, ¶ 45. Nevertheless, in this case, no such inference can be drawn from the record. Further, while we recognize the prosecutor's concern in this regard, this issue ultimately needs to be addressed by the legislature.

{¶7} Following the hearing, the trial court denied B & B's motion for an order to return property. The trial court found as follows:

Subject property was agreed to be forfeited by Defendant as part of [a] plea bargain. Defendant may have contractual obligations to Third Party, but that does not alter the essence of the [s]tate's position vis-a-vis the plea agreement. For Defendant's counsel to agree to a plea agreement on Defendant's behalf then plead on behalf of the third party is disingenuous at best.

{¶8} B & B timely filed this appeal. In its sole assignment of error, B & B challenges the trial court's decision to deny its motion for return of property. B & B claims that its property was not validly forfeited pursuant to criminal or civil forfeiture laws.

{¶9} It is well recognized that forfeitures are not favored, and whenever possible, forfeiture statutes must be construed so as to avoid a forfeiture of property. *State v. West*, 8th Dist. Nos. 97391 and 97900, 2013-Ohio-96, ¶ 31, citing *State v. Lilliock*, 70 Ohio St.2d 23, 25-26, 434 N.E.2d 723 (1982). Under Ohio law, title to property subject to forfeiture vests with the state or political subdivision when the trier of fact renders a final forfeiture verdict or order, but that title is subject to third-party claims adjudicated under either R.C. 2981.04, which governs criminal forfeiture proceedings, or R.C. 2981.05, which governs civil forfeiture proceedings. R.C. 2981.03(A)(1). In this case, the city proceeded with a criminal forfeiture and chose not to pursue a civil forfeiture action.

{¶10} Although the charging instrument against Doerner did not contain a forfeiture specification as required by R.C. 2981.04(A), Doerner agreed to forfeit the property nonetheless pursuant to a plea agreement and effectively waived any rights in this regard. *See State v. Eppinger*, 8th Dist. No. 95685, 2011-Ohio-2404, ¶ 11 (when a defendant voluntarily agreed to the forfeiture under a plea agreement, adherence to the statutory forfeiture procedures set forth in R.C. Chapter 2981 was unnecessary). Consistent therewith, the trial court ordered the forfeiture of the machines upon sentencing Doerner. Although B & B claims the prosecutor did not follow R.C. 2981.04(D) and attempt to identify any persons with an interest in the property, B & B's counsel informed the prosecutor of B & B's ownership interest during the proceedings

against Doerner and agreed to file a motion to assert B & B's interest.   Thus, B & B was aware of the forfeiture and was not prejudiced by any lack of notice.

{¶11} Pursuant to R.C. 2981.04(C), the trial court's order of forfeiture remained subject to the claims of third parties.   After the trial court issued its final forfeiture order, B & B filed a third-party motion for an order to return the property.   B & B included an affidavit from its president that attested to B & B's ownership interest.   The affidavit further indicated that the six electronic video machines are intended for amusement only and that B & B did not intend or authorize their use in any illegal manner.   B & B also presented receipts reflecting its purchase of the machines and a copy of the equipment agreement with Automile Inn.

{¶12} At the hearing held on the motion, the prosecutor did not dispute B & B's ownership interest in the machines.   While certain assertions were made against B & B, the city did not present any evidence, let alone show by a preponderance of the evidence, that B & B had knowledge of the illegal use of the machines by Doerner.   Thus, B & B had the right to reclaim its property under the forfeiture statutes.   *See* R.C. 2981.04(E) and (F).

{¶13} Because B & B established by a preponderance of the evidence that it has a lawful interest in the property, we find the trial court abused its discretion in denying B & B's motion and by failing to amend its forfeiture order to reflect B & B's interest in the machines.   *See* R.C. 2981.04(F) and (G).   Accordingly, we reverse the decision of the

trial court and remand the matter with instructions for the trial court to order a return of the property and to amend its forfeiture order.

**{¶14}** Judgment reversed; case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR