[Cite as *Beachwood v. Reed*, 2015-Ohio-4758.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 101315

---

# CITY OF BEACHWOOD

PLAINTIFF-APPELLEE

vs.

# ANTHONY P. REED

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Shaker Heights Municipal Court
Case No. 12-CRB-01006

**BEFORE:** E.A. Gallagher, J., Jones, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 19, 2015

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio 44116

**ATTORNEY FOR APPELLEE**

Thomas Greve
Prosecutor, City of Beachwood
55 Public Square
Suite 1775
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Anthony Reed appeals an order of forfeiture from Shaker Heights Municipal Court. Reed argues that the trial court erred in granting forfeiture of funds found on his person at the time of his arrest in this case and that his convictions should be vacated because the trial court did not maintain an adequate record of the proceedings. For the following reasons, we reverse and remand.

{¶2} Reed was arrested on October 4, 2012, as a result of a prostitution sting operation conducted by the Cuyahoga County Sheriff's office in Beachwood, Ohio. Reed responded to a Backpage.com advertisement and negotiated a half an hour of prostitution services for $100.00. Reed was arrested when he appeared at the designated location and was found to be in possession of marijuana, two condoms and $1,200 cash.

{¶3} A trial was conducted on October 1, 2013, and Reed was found guilty of soliciting and drug abuse. The trial court imposed a 60-day jail sentence with 50 days suspended and a fine of $500 for Reed's solicitation conviction. The trial court also imposed a suspended $100 fine for the drug abuse conviction. Finally, the trial court noted that Reed had requested the return of the $1,200 that had been recovered from his person at the time of the offenses. The trial court wrote: "City to file a forfeiture request within 14 days."

{¶4} The City filed a motion for forfeiture of seized assets on October 16, 2013, seeking the forfeiture of Reed's $1,200 pursuant to R.C. 2981.02(B)(3). The court held

a forfeiture hearing on April 15, 2014, and issued a journal entry on that date ordering the funds to be forfeited. Reed appeals from this order.

{¶5} In his first assignment of error, Reed argues that the trial court erred in granting forfeiture in favor of the city. We agree and find that forfeiture was inappropriate in this instance due to the City's failure to comply with the criminal forfeiture provisions of R.C. 2981.04(A).

{¶6} It is well recognized that forfeitures are not favored and, whenever possible, forfeiture statutes must be construed so as to avoid a forfeiture of property. *State v. West*, 8th Dist. Cuyahoga Nos. 97391 and 97900, 2013-Ohio-96, ¶ 31, citing *State v. Lilliock*, 70 Ohio St.2d 23, 25-26, 434 N.E.2d 723 (1982).

{¶7} Criminal forfeiture proceedings are governed by R.C. 2981.04[1] which provides that property may be forfeited "only if the complaint * * * contains a specification" that identifies, to the extent it is reasonably known, the following information:

> (a) The nature and extent of the alleged offender's or delinquent child's interest in the property;
>
> (b) A description of the property;
>
> (c) If the property is alleged to be an instrumentality, the alleged use or intended use of the property in the commission or facilitation of the offense.

---

[1]This case pertains only to criminal forfeiture and the record contains no indication that the City pursued a civil forfeiture complaint pursuant to R.C. 2981.05.

{¶8} R.C. 2981.04(A)(2) allows for the forfeiture of property even if it is not contained in the indictment as long as it was "not reasonably foreseen to be subject to forfeiture at the time of filing the indictment" and "if the prosecutor, upon discovering the property to be subject to forfeiture, gave prompt notice of this fact to the alleged offender * * * under Criminal Rule 7(E) * * *."

{¶9} In this instance, the City did not seek a forfeiture order pertaining to the funds seized from Reed at the time of the offenses by including a forfeiture specification as required by R.C. 2981.04(A)(1) nor did the City file a Crim.R. 7(E) bill of particulars to provide prompt notice of its intent to seek forfeiture in compliance with R.C. 2981.04(A)(2). We also note that a motion for forfeiture was filed untimely pursuant to the trial court's order. The City's motion for forfeiture, filed 15 days after Reed was convicted at trial, neither satisfies its obligation to provide prompt notice under Crim.R. 7(E) or explains why the City did not reasonably foresee seeking forfeiture of funds confiscated more than a year earlier at the time of the offense.

{¶10} We find that Reed's funds were not subject to criminal forfeiture proceedings due to the City's failure to comply with R.C. 2981.04. *See*, *e.g*., *State v. Parker*, 8th Dist. Cuyahoga No. 97988, 2012-Ohio-4820, ¶ 8 (reversing the forfeiture of funds recovered from the defendant at the time of the offense where the State failed to include a forfeiture specification or provide notice that the funds were subject to forfeiture in the bill of particulars); *State v. Coleman*, 8th Dist. Cuyahoga No. 91058, 2009-Ohio-1611, ¶ 75-76 (holding that a trial court possessed no authority to enter an

order of forfeiture where the indictment failed to contain a forfeiture specification pursuant to R.C. 2981.04).   Therefore, the subject funds are ordered to be returned to Reed.

{¶11} Reed's first assignment of error is sustained.

{¶12} The appellant argues in his second assignment of error that his convictions should be vacated and the charges against him be dismissed because his constitutional rights have been violated as the trial court did not maintain an adequate record of the proceedings and did not settle and approve an App.R. 9(C) statement.

{¶13} Appellant was found guilty of soliciting and drug abuse on October 1, 2013. On October 11, 2013 appellant filed a notice of appeal with this court in *State v. Reed*, 8th. Dist Cuyahoga No.100546, which was ultimately dismissed for failure to file the record.

{¶14} A second notice of appeal was filed on April 22, 2014.

{¶15} There has been no motion made in this case for a delayed appeal after a hearing was held on a motion for forfeiture that was filed by the City.

{¶16} As no appeal was timely taken of appellant's convictions, we shall not address this issue. Reed's second assignment of error is overruled.

{¶17} The trial court's order of forfeiture is reversed.

{¶18} Case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the trial court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
ANITA LASTER MAYS, J., CONCUR