[Cite as *Cleveland v. Tarulli*, 2021-Ohio-3462.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                     :

    Plaintiff-Appellee,             :

    v.                              :

ANTHONY TARULLI,                       :

    Defendant-Appellant.            :

No. 110188

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 30, 2021

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2020 CRB 001374

---

### *Appearances:*

Barbara A. Langhenry, Cleveland Director of Law, Aqueelah A. Jordan, Chief Prosecutor, and Aric H. Kinast, Assistant City Prosecutor, *for appellee.*

Friedman & Nemecek, L.L.C., Ian N. Friedman, Madelyn J. Grant, and Tiana S. Bohanon, *for appellant.*

MARY EILEEN KILBANE, P.J.:

{¶ 1} Defendant-appellant Anthony Tarulli ("Tarulli") had four firearms confiscated upon his arrest, and after his completion of the court's Selective Intervention Program ("SIP") he filed a motion for their return. The trial court

granted his motion in part and ordered three of the firearms to be returned. This appeal deals with the one firearm the court denied returning. For the reasons that follow, we reverse the lower court's judgment denying the return of his firearm and remand for further proceedings.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2}   On January 30, 2020, officers were called to an apartment complex for possible shots being fired. Upon arrival, officers were met by Tarulli's neighbor, who alleged Tarulli had been walking through the apartment complex with a firearm. Officers found and spoke to Tarulli, who, while holding an AR-15 rifle on his person, admitted he had consumed alcohol. Officers then confiscated the AR-15 rifle. Officers then went into Tarulli's apartment and confiscated three additional firearms. On January 31, 2020, a complaint was filed against Tarulli in the Cleveland Municipal Court, alleging he had violated R.C. 2923.15, using a weapon while intoxicated, a misdemeanor of the first degree.

{¶ 3}   On February 5, 2020, the trial court referred Tarulli for an eligibility screening for the court's SIP. If eligible, completion of the program would result in the prosecution dismissing the charges and the court sealing the record. On March 4, 2020, Tarulli was approved to participate in the court's SIP; however, due to continuances for COVID-related reasons, his participation in the SIP was not ordered until July 2, 2020. The court's journal entry required him to complete the SIP and pay the SIP fees by October 7, 2020. On October 7, 2020, the court held a compliance hearing and found Tarulli had successfully completed the SIP

and paid his fine.  Subsequently, the court granted the prosecutor's motion to nolle the charge, and the case was dismissed.  Tarulli's record was then ordered to be sealed.

**{¶ 4}**  On October 8, 2020, Tarulli filed a motion for return of his four confiscated firearms.  The prosecution was given 28 days to respond to the motion, and a hearing was set for November 18, 2020.  By that hearing date, the prosecution had failed to file any written objection or agreement to Tarulli's motion, though the city orally appeared at the hearing to object to returning the firearms.  The court granted the prosecution's request for more time to respond and ordered the response to the motion by November 27, 2020.  On November 20, 2020, the prosecution filed an objection to Tarulli's motion.

**{¶ 5}**  On December 2, 2020, the court held a hearing on Tarulli's motion for the return of his firearms where both sides presented oral arguments to the court.  On December 9, 2020, the trial court released its journal entry regarding Tarulli's motion where it denied in part and granted in part:

> [t]he fact the defendant was intoxicated and brandished a rifle placing himself and others in danger is concerning to the court.  The court finds it equally troubling the defendant owns other firearms particularly when his behavior on this occasion does not reflect responsible gun ownership behavior.  On the date in question, the defendant admitted to his neighbor and the police he was intoxicated while he was handling an AR 15 rifle.  There are no circumstances under which the defendant or any gun owner should be anywhere near a firearm while consuming alcohol.  On the date in question, the defendant could have injured himself, one of his neighbors or an innocent bystander simply because he was intoxicated and elected to brandish and/or handle an AR 15.  I believe his irresponsible behavior should result in the forfeiture of the AR 15 which he had in his

possession while he was intoxicated. It is small consequence for the defendant since the charge was dismissed against him, he does not have a record of this incident and his record is sealed. Regrettably the three other firearms should be returned.

Defendant's motion is granted in part as it relates to the return of the firearms surrendered to the police by the defendant prior to his arrest; and denied as to the return of the [AR-15] rifle which was the weapon that defendant had in his possession while he was intoxicated.

The court granted the motion regarding the three firearms found in his apartment and ordered they be returned to him but denied the return of the AR-15 rifle involved during the incident.

{¶ 6} Prior to this appeal, on December 11, 2020, Tarulli filed a civil action for replevin in the Cleveland Municipal Court, Case No. 2020 CVH 011366, for the return of his AR-15 rifle. Then on December 23, 2020, Tarulli filed his notice of appeal, asserting the trial court abused its discretion in denying the return of his firearm. On July 9, 2021, the municipal court in Tarulli's separate replevin action dismissed his complaint for lack of jurisdiction, reasoning this court had exclusive jurisdiction.

## II. LAW AND ANALYSIS

{¶ 7} "In general, forfeiture is disfavored in Ohio." *State v. Fort*, 2014-Ohio-3412, 17 N.E.3d 1172, ¶ 17 (8th Dist.), citing *State v. Clark*, 173 Ohio App.3d 719, 2007-Ohio-6235, 880 N.E.2d 150 (3d Dist.). "As a consequence, such statutes must be strictly construed against the state." *In re $75,000.00 United States Currency (Katz)*, 2017-Ohio-9158, 101 N.E.3d 1209, ¶ 51 (8th Dist.), quoting *State v. Golston*, 66 Ohio App.3d 423, 429, 584 N.E.2d 1336 (8th Dist.1990). "Whenever

possible, [forfeiture] statutes must be construed so as to avoid a forfeiture of property." *State v. Lilliock*, 70 Ohio St.2d 23, 26, 434 N.E.2d 723 (1982).

{¶ 8} Forfeiture of property is governed by R.C. Chapter 2981 which permits "[a] law enforcement officer [to] seize property that the officer has probable cause to believe property is subject to forfeiture." R.C. 2981.03(A)(2). "A prosecuting attorney may then pursue forfeiture of seized property in a criminal proceeding under R.C. 2981.04, a civil proceeding under R.C. 2981.05, or both." *State v. North*, 2012-Ohio-5200, 980 N.E.2d 566, ¶ 8 (1st Dist.).

{¶ 9} Criminal forfeiture is initiated by including in the charging instrument a specification consistent with R.C. 2941.1417 or by providing the defendant with "prompt notice," in conformity with Crim.R. 7(E), that the property is subject to forfeiture. R.C. 2981.04(A)(1) and (A)(2). *North* at ¶ 8. R.C. 2981.04(A)(1) states that property "may be forfeited under this section only if the defendant is convicted of, or enters intervention in lieu of conviction for, an offense * * * and the complaint, indictment, or information charging the offense or municipal violation * * * contains a specification of the type described in section 2941.1417 of the Revised Code * * * ."

{¶ 10} "Forfeiture may be ordered only after the prosecuting attorney has identified and notified parties with an interest in the property, the trial court has conducted a hearing, and the trier of fact has found that the property is subject to forfeiture." *State v. Williams*, 8th Dist. Cuyahoga No. 106178, 2018-Ohio-2199, ¶ 10, citing R.C. 2981.04(A) and (B), 2981.05(B) and (D), and 2981.03(A)(1).

{¶ 11} At the hearing, the state bears the burden of proving by a preponderance of the evidence that property is subject to forfeiture. *Williams* at ¶ 9, citing *State v. West*, 8th Dist. Cuyahoga Nos. 97391 and 97900, 2013-Ohio-96, ¶ 34. As previously stated by this court:

> Under R.C. 2981.02, there are three kinds of property that may be forfeited to the state: (1) contraband involved in an offense, (2) proceeds derived from or acquired through the commission of an offense, or (3) an instrumentality that is used in or intended to be used in the commission or facilitation of a felony. "Contraband" is defined as property that is illegal for a person to acquire or possess under a statute, ordinance, or rule, or that a trier of fact determines to be illegal to possess by reason of the property's involvement in an offense. R.C. 2901.01(A)(13). R.C. 2981.01(A)(11)(a) defines the term "proceeds" as "any property derived directly or indirectly from an offense. 'Proceeds' may include, but is not limited to, money or any other means of exchange. 'Proceeds' is not limited to the net gain or profit realized from the offense." "Instrumentality" refers to property that is otherwise lawful to possess but is used or intended to be used in the commission of an offense. R.C. 2981.02(A)(3).

*State v. Fort*, 2014-Ohio-3412, 17 N.E.3d 1172, ¶ 18 (8th Dist.). "The state establishes its burden in forfeiture proceedings where it demonstrates, by a preponderance of the evidence, that: 'contraband' was involved in an offense; 'proceeds' were derived either directly or indirectly from an offense; or 'instrumentalities' were 'used in or intended to be used' in the commission or a felony." *Williams* at ¶ 9, citing R.C. 2981.02.

{¶ 12} Any person with an interest in seized property must file a motion seeking its return in the criminal case before the prosecuting attorney has filed a charging instrument containing a forfeiture specification. *North*, 2012-Ohio-5200, 980 N.E.2d 566, ¶ 10 (1st Dist.), citing R.C. 2981.03(A)(4). "On review, an

appellate court may not reverse the trial court's decision based on a preponderance of the evidence standard where there is 'some competent, credible evidence going to all the essential elements of the case.'" *State v. Franklin*, 8th Dist. Cuyahoga No. 99806, 2014-Ohio-1422, ¶ 39, quoting *State v. Hall*, 8th Dist. Cuyahoga No. 92952, 2010-Ohio-1665, ¶ 22, quoting *C. E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

{¶ 13} In *State v. Leet,* 2d Dist. Montgomery No. 28870, 2021-Ohio-1334, ¶ 1, the Second District found the trial court erred by denying defendant's motion for return of his firearm because the statutory requirements for forfeiture had not been met. There, the state seized the defendant's firearm without providing notice the property was subject to forfeiture, nor did it initiate civil forfeiture of the property. Similarly, the First District has also found the state improperly retained seized property when it failed to comply with R.C. Chapter 2981. *North* at ¶ 11. The state did not provide the defendant with notice that the property was subject to forfeiture, either by amending the indictment to add a forfeiture specification or by amending the bill of particulars. *Id.* "The matter of forfeiture was not mentioned in his plea form or broached at his plea or sentencing hearing." *Id.*

{¶ 14} In the instant case, there is no evidence in the record that the prosecution provided any notice to Tarulli of the forfeiture claim of his firearm or that the charging document contained a forfeiture specification as required by R.C. 2981.04(A). *State v. Percy*, 8th Dist. Cuyahoga No. 109502, 2021-Ohio-1876 (trial court erred in granting forfeiture because defendant had no notice of the forfeiture

claim when he agreed to plead guilty as it was not a term of the plea agreement); *see also State v. Haymond*, 5th Dist. Stark No. 2009-CA-00078, 2009-Ohio-6817 (holding trial court erred by denying defendant's return of firearm because complaint charging violation of using weapons while intoxicated did not contain a forfeiture specification).

{¶ 15} Similarly, the court's entries regarding Tarulli's placement in the court's SIP do not contain any terms regarding forfeiture of any of his firearms nor do the entries at the completion of the SIP contain any mention of any terms. Had the court made the forfeiture of Tarulli's firearms a condition precedent of his participation in the SIP, the enforcement of those terms would have kept the firearms in the city's possession. The court's entry denying Tarulli's motion for return of his firearms and ordering their forfeiture does not discuss the prosecution meeting any of its burden and instead focuses on the danger the court believed Tarulli to be to himself and others while he was in possession of his firearms. While this court is sympathetic to the trial court's concerns, the city must follow the statutory requirements for legal forfeiture.

{¶ 16} Rather than point to any evidence of providing notice pursuant to the statutory requirements, the city only argues that because Tarulli's criminal case was dismissed "this Court does not have jurisdiction" or the matter is moot. However, this court has previously held that a "the trial court's denial of [a defendant's] motion for return of forfeited property is a final, appealable order."

*State v. Clayton*, 8th Dist. Cuyahoga No. 98795, 2013-Ohio-2198, ¶ 11. Therefore, we find the city's argument lacks merit.

{¶ 17} Therefore, we find the trial court erred in denying Tarulli's motion in part because there is no competent credible evidence that the city met its burden when it failed to follow the statutory requirements to include a forfeiture specification in the charging document or provide notice to Tarulli of its forfeiture claim. Based on the foregoing, we sustain Tarulli's sole assignment of error.

{¶ 18} For the reasons above, we reverse the lower court's judgment and remand for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

LISA B. FORBES, J., and
EMANUELLA D. GROVES, J., CONCUR