[Cite as *State v. White*, 2024-Ohio-5916.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,     :

  Plaintiff-Appellee,  :

            No. 114024

  v.        :

KENNETH WHITE,

           :

  Defendant-Appellee.

           :

[Appeal by Yolanda White,
Proposed Intervenor-Appellant]  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 19, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-683482-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney and Gregory J. Ochocki, Assistant Prosecuting Attorney, *for appellee*.

James Sidney Jones LPA and James Sydney Jones, *for proposed intervenor-appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Appellant Yolanda White ("Ms. White") appeals the trial court's denials of her petition for a criminal forfeiture hearing pursuant to R.C. 2981.04(E) and

motion for reconsideration. For the reasons that follow, we reverse the trial court's denials and remand to the trial court for further proceedings.

**Procedural History and Facts**

{¶ 2} On April 5, 2022, a search warrant linked to illegal drug trafficking was executed on a home in Maple Heights[1] where Ms. White and her son, Kenneth White ("White"), resided. Southeast Law Enforcement Task Force ("SEALE") officers seized $73,484 in U.S. currency among other items.

{¶ 3} On behalf of the State of Ohio, the Cuyahoga County Prosecutor's Office ("Prosecutor") filed a civil forfeiture complaint pursuant to R.C. 2981.05(D) against White on July 14, 2022. *See State v. White*, Cuyahoga C.P. No. CV-22-966113. Among other things, the complaint alleged that "[t]he Prosecuting Attorney has made or caused to be made reasonably diligent inquires for the purpose of identifying persons who have any right, title, or interest in the property. As a result of such inquires, the Prosecuting Attorney has determined that defendant Kenneth White is subject to notice of forfeiture." (Civil Forfeiture Complaint, ¶ 11.) The complaint further alleged that "[t]he SEALE has made reasonable efforts to locate the person(s) entitled to the possession of the property in custody." *Id.* at ¶ 16.

{¶ 4} White's attorney filed an answer on August 16, 2022. White's first response stated, "Defendant denies the allegations of paragraph 1 of the complaint.

---

[1] This information was secured from Cuyahoga C.P. No. CV-22-966113, a civil forfeiture action. "[A]n appellate court may properly take judicial notice of publicly accessible records, including court documents and dockets, in deciding appeals." (Citation omitted.) *State v. Kempton*, 2018-Ohio-928, ¶ 17 (4th Dist.).

The $73,484 at issue is the property of his mother, Yolanda White, and is not derived from, used, or intended to be used in the commission of a criminal offense." (Answer, ¶ 1.) On September 1, 2022, the prosecutor filed a notice of publication pursuant to R.C. 2981.05(F), which verified publication was made in the Daily Legal News "for a period of two consecutive weeks on the same day of each week on and after the 20th day of July 2022." (Publication Affidavit, 9/01/22). On May 8, 2023, Ms. White filed a motion to intervene for dismissal or relief, which was ultimately held in abeyance.

{¶ 5} On August 1, 2023, White was indicted on seven counts: Count 1, trafficking (heroin), in violation of R.C. 2925.03(A)(2), a first-degree felony; Count 2, drug possession (heroin), in violation of R.C. 2925.11(A), a second degree felony; Count 3, trafficking (fentanyl), in violation of R.C. 2925.03(A)(2), a first-degree felony; Count 4, drug possession (fentanyl), in violation of R.C. 2925.11(A), a second-degree felony; Count 5, trafficking (Xylazine), in violation of R.C. 2925.03(A)(2), a fourth-degree felony; Count 6, drug possession (Xylazine), in violation of R.C. 2925.11(A), a first-degree misdemeanor; and Count 7, possessing criminal tools, in violation of R.C. 2923.24(A), a fifth-degree felony. Juvenile and forfeiture specifications were included where applicable.

{¶ 6} On February 12, 2024, White pled guilty to an amended Count 1, trafficking, in violation of R.C. 2925.03(A)(2), a third-degree felony, and an amended Count 3, attempted trafficking, in violation of R.C. 2923.02/2925.03(A)(2), a third-degree felony, both with forfeiture

specifications. White was sentenced that same day to an aggregate prison sentence of two years and forfeited any interest he had in five cell phones, a digital scale, and $73,484. When given the opportunity to speak on White's behalf, the first thing his attorney stated was, "First, I want to make it clear that my client is waiving his right to the forfeiture with regard to the money, the $73,484. It's always been his and our position that those funds belong to his mother, Yolanda White, and not him, but he understands he's forfeiting his right and interest independent of her."

{¶ 7} On February 23, 2024, Ms. White filed a motion to lift the stay in the civil case. The prosecutor responded to her motion and attached a copy of the forfeiture order from White's criminal case. On April 18, 2024, Ms. White filed a petition for a hearing pursuant to R.C. 2981.04(E)(1). The prosecutor filed a motion challenging Ms. White's alleged interest in property on May 2, 2024. The trial court denied Ms. White's petition as untimely pursuant to R.C. 2981.04(E)(1)(a). Ms. White filed a motion for reconsideration, which was also denied. Consequently, Ms. White appealed, raising the following assignments of error for review.

### Assignment of Error No. 1

The State's failure to provide statutory notice and the trial court's failure to hold a hearing when it had knowledge of the State's failure is contrary to Ohio law.

### Assignment of Error No. 2

The State violated [Ms. White's] due process rights to notice and the trial court's failure to hold a hearing when it had knowledge of the State's violation is contrary to Ohio law.

## Assignment of Error No. 3

The trial court's failure to take judicial notice is contrary to Ohio law.

## Assignment of Error No. 4

The State's actions in withholding evidence and misrepresenting its notice compliance were fraud upon the trial court and the trial court's failure to hold a hearing when it had knowledge of the State's fraud is contrary to Ohio law.

## Assignment of Error No. 5

The State's actions in withholding evidence and misrepresenting its notice compliance were fraud upon the trial court and the trial court's failure to hold a hearing when it had knowledge of the State's fraud is contrary to Ohio law.

## Assignment of Error No. 6

The State's actions in withholding evidence and misrepresenting its notice compliance were fraud upon the trial court and the trial court's failure to hold a hearing when it had knowledge of the State's fraud is contrary to Ohio law.

## Assignment of Error No. 7

The State's civil case and appellant's motions to intervene and motion to dismiss filed in the civil case preempted the criminal case trial court's jurisdiction to forfeit [Ms. White's] money.

## Assignment of Error No. 8

The trial court's forfeiture order violated ORC 2981.09, the Eighth Amendment to the U.S. Constitution, and Section 9, Article 1 of the Ohio Constitution.

**Law and Analysis**

**Standard of Review**

**{¶ 8}** Abuse of discretion has no application when a specific action, ruling, or order of a court is required as a matter of law. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 37, citing *Rohde v. Farmer*, 23 Ohio St.2d 82, 87 (1970). A court does not have discretion to misapply the law. *Id.* at ¶ 38. When reviewing issues of law, courts apply a de novo standard. *Id.* "[C]ourts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule." *Id.* at ¶ 39.

## Forfeiture Notice

**{¶ 9}** As a preliminary matter, this court will only review Ms. White's first assignment of error because it is dispositive. In essence, Ms. White asserts that the trial court erred in denying her motion for a hearing as untimely. We find Ms. White's argument to be well taken and remand the matter for further proceedings.

**{¶ 10}** R.C. Ch. 2981 governs the forfeiture of property. A law enforcement officer is permitted to seize property when the officer has probable cause to believe the property is subject to forfeiture. R.C. 2981.03(A)(2). The forfeiture of seized property may then be pursued by a prosecuting attorney "in a criminal proceeding under R.C. 2981.04, a civil proceeding under R.C. 2981.05, or both." *State v. North*, 2012-Ohio-5200, ¶ 8 (1st Dist.).

**{¶ 11}** In criminal proceedings, the charging instrument can initiate a forfeiture by (1) including a specification consistent with R.C. 2941.1417 or (2) giving the defendant prompt notice in conformity with Crim.R. 7(E) that the property seized is subject to forfeiture. *North* at ¶ 8, citing R.C. 2981.04(A)(1)-(2). Pursuant

to R.C. 2981.04(A)(1), "Property . . . may be forfeited under this section only if the defendant is convicted of, or enters intervention in lieu of conviction for, an offense . . . and the complaint, indictment, or information charging the offense or municipal violation . . . contains a specification of the type described in section 2941.1417 of the Revised Code . . . ."

{¶ 12} "'Forfeiture may be ordered only after the prosecuting attorney has identified and notified parties with an interest in the property, the trial court has conducted a hearing, and the trier of fact has found that the property is subject to forfeiture.'" *Cleveland v. Tarulli*, 2021-Ohio-3462, ¶ 10 (8th Dist.), quoting *State v. Williams*, 2018-Ohio-2199, ¶ 10 (8th Dist.), citing R.C. 2981.04(A)-(B), 2981.05(B) and (D), and 2981.03(A)(1).

{¶ 13} Criminal forfeiture proceedings are governed by R.C. 2981.04. Notifications by the prosecutor and hearing requests by those interested in the property subject to forfeiture are governed by R.C. 2981.04 (D) and (E), respectively:

> (D) After the entry of a forfeiture order under this section, the Prosecutor shall attempt to identify any person with an interest in the property subject to forfeiture by searching appropriate public records and making reasonably diligent inquiries. The Prosecutor shall give notice of the forfeiture that remains subject to the claims of third parties and proposed disposal of the forfeited property to any person known to have an interest in the property. The Prosecutor also shall publish notice of the forfeiture that remains subject to the claims of third parties and proposed disposal of the forfeited property once each week for two consecutive weeks in a newspaper of general circulation in the county in which the property was seized.

> (E)(1) Any person, other than the offender or delinquent child whose conviction or plea of guilty or delinquency adjudication is the basis of the forfeiture order, who asserts a legal interest in the property that is

the subject of the order may petition the court that issued the order for a hearing under division (E)(3) of this section to adjudicate the validity of the person's alleged interest in the property. All of the following apply to the petition:

(a) It shall be filed within thirty days after the final publication of notice or the person's receipt of notice under division (D) of this section.

{¶ 14} On the other hand, civil forfeiture proceedings, along with their independent notification and hearing request requirements, are governed by R.C. 2981.05, a separate section of the Revised Code. R.C. 2981.05(F) and (G) provide:

(F) Prior to the commencement of a civil forfeiture action under this section, the Prosecutor shall attempt to identify any person with an interest in the property subject to forfeiture by searching appropriate public records and making reasonably diligent inquiries. At the time of filing the complaint, the Prosecutor shall give notice of the commencement of the civil action, together with a copy of the complaint, to each person who is reasonably known to have any interest in the property, by certified mail, return receipt requested, or by personal service. The Prosecutor shall cause a similar notice to be published once each week for the two consecutive weeks immediately after the filing of the complaint in a newspaper of general circulation in the county in which the property is located. . . . . .

(G) A person with an interest in the property subject to forfeiture may petition the court to release the property pursuant to division (D) of section 2981.03 of the Revised Code. The court shall consider the petition as provided in that section. If a timely petition for pretrial hardship release is not filed, or if a petition is filed but not granted, the person may file a claim for the release of the property under the Rules of Civil Procedure. The court shall dispose of any petitions timely filed under this division.

Notably, each forfeiture section specifies what is required within their respective sections. Neither section cross-references the other section as it relates to their notification and petition for hearing requirements. This section also references the

status of civil forfeiture proceedings when criminal proceedings commence that involve the property subject to civil forfeiture:

> Simultaneously with or after the filing of a complaint, indictment, or information charging an offense or a complaint charging a delinquent act, the Prosecutor may commence a civil forfeiture action by filing in the court in which the applicable complaint, indictment, or information is filed a complaint requesting an order that forfeits to the state or political subdivision any property that is involved in the offense or delinquent act and is subject to forfeiture under section 2981.02 of the Revised Code. The civil forfeiture action filed under this division shall be stayed during the pendency of the applicable criminal or delinquency proceedings. That civil forfeiture action shall proceed after the defendant is convicted of, or enters intervention in lieu of conviction for, the offense involved or the juvenile is adjudicated a delinquent child for the delinquent act involved.

R.C. 2981.05(C). Accordingly, civil proceedings must be stayed during the pendency of the applicable criminal or delinquency proceedings. Thus, it is quite obvious that, although the criminal and civil forfeiture proceedings relate to the same property, the proceedings are separate and distinct.

{¶ 15} Forfeiture may be ordered only after the prosecuting attorney has identified and notified parties with an interest in the property, the trial court has conducted a hearing, and the trier of fact has found that the property is subject to forfeiture. *See* R.C. 2981.04(A)-(B), 2981.05(B) and (D), and 2981.03(A)(1). North 2012-Ohio-5200, at ¶ 9.

{¶ 16} It is well accepted that forfeitures are disfavored and whenever possible, forfeiture statutes must be construed to avoid a property forfeiture. *Beachwood v. Reed*, 2015-Ohio-4758, ¶ 6 (8th Dist.), citing *State v. West*, 2013-Ohio-96, ¶ 31 (8th Dist.), citing *State v. Lilliock*, 70 Ohio St.2d 23, 25-26 (1982).

"""As a consequence, such statutes must be strictly construed against the state.""" *Tarulli,* 2021-Ohio-3462, at ¶ 7, quoting *In re $75,000.00 United States Currency (Katz)*, 2017-Ohio-9158, ¶ 51 (8th Dist.), quoting *State v. Golston*, 66 Ohio App.3d 423, 429 (8th Dist. 1990).

{¶ 17} Here, Ms. White filed a petition for a hearing pursuant to R.C. 2981.04(E)(1), which provides that

> [a]ny person, other than the offender or delinquent child whose conviction or plea of guilty or delinquency adjudication is the basis of the forfeiture order, who asserts a legal interest in the property that is the subject of the order may petition the court that issued the order for a hearing under division (E)(3) of this section to adjudicate the validity of the person's alleged interest in the property.

The prosecutor filed an objection, arguing that Ms. White failed to file within the required statutory time period. The prosecutor cited R.C. 2981.04(E)(1)(a) which states that the "petition shall be filed within thirty days after final publication . . . under division (D) of this section." On appeal, the prosecutor countered Ms. White's assertion that the prosecutor failed to give notice by claiming that (1) Ms. White was served notice of the forfeiture order through her attorney of record on March 5, 2024; (2) Ms. White knew of the forfeiture order on March 5, 2024, when it was attached to the State's response to her motion to lift the stay in the civil action; (3) Ms. White knew or had constructive notice of the forfeiture order on February 23, 2024, when she filed her motion to remove the stay in the civil action; and (4) Ms. White was not prejudiced by any alleged failure of notice because she had actual

notice of the forfeiture proceedings in the criminal case. The prosecutor's counterarguments are rejected for lack of merit.

{¶ 18} First, the criminal forfeiture proceeding notice requirements are separate and distinct from the civil proceedings notice requirements. *See* R.C. 2981.04 and 2981.05. The "alleged" notice the prosecutor claims it gave Ms. White was in the civil forfeiture proceedings, not in the criminal forfeiture proceeding that is at issue here.

{¶ 19} After the entry of a criminal forfeiture order, R.C. 2981.04(D) mandates that the prosecutor

> attempt to identify any person with an interest in the property subject to forfeiture by searching appropriate public records and making reasonably diligent inquiries. The Prosecutor shall give notice of the forfeiture that remains subject to the claims of third parties and proposed disposal of the forfeited property to any person known to have an interest in the property. The Prosecutor also shall publish notice of the forfeiture that remains subject to the claims of third parties and proposed disposal of the forfeited property once each week for two consecutive weeks in a newspaper of general circulation in the county in which the property was seized.

The record is devoid of any notification to Ms. White pursuant to this mandate. Additionally, the record is devoid of any publication, unlike the publication the prosecutor made in the civil case.[2] There is no authority provided by the prosecutor that the civil notification satisfies the notification requirements set forth in the criminal forfeiture proceedings.

---

[2] This court makes no judgment whether the prosecutor complied with the civil notice requirements in R.C. 2981.05(F).

{¶ 20} Furthermore, the Revised Code sections governing criminal and civil forfeiture proceedings do not contemplate constructive notice. As previously stated, forfeiture ""statutes must be strictly construed against the state."" *Tarulli*, 2021-Ohio-3462, at ¶ 7, quoting *In re $75,000.00 United States Currency (Katz)*, 2017-Ohio-9158, at ¶ 51 (8th Dist.), quoting *Golston*, 66 Ohio App.3d at 429 (8th Dist. 1990). Therefore, the prosecutor's constructive-notice claim must be rejected. Finally, the counterargument that Ms. White was not prejudiced by the prosecutor's failure to provide notice is unfounded. The prosecutor cannot fail to give notice and then argue that Ms. White's petition for a hearing is untimely when notice to the interested party starts the clock for filing the petition.

{¶ 21} This case is distinguishable from *Bedford v. Doerner,* 2013-Ohio-1798 (8th Dist.). There, the defendant was convicted of gambling and ordered to forfeit the electronic video machines owned by B & B Music & Video ("B & B"). B & B filed a motion for an order to return the machines. A hearing was held on the motion. Following the hearing, the trial court denied B & B's motion. On appeal, B & B claimed the prosecutor did not follow R.C. 2981.04(D). This court held that "B & B was aware of the forfeiture and was not prejudiced by any lack of notice" because "B & B's counsel informed the prosecutor of B & B's ownership interest during the proceedings against [the defendant] and agreed to file a motion to assert B & B's interest." *Doerner* at ¶ 10. Additionally, B & B was given an opportunity to establish its ownership interest because a hearing was held on its motion. Here, nothing in the record indicates that Ms. White was represented by counsel or agreed to file a

motion in the criminal forfeiture proceedings when White forfeited the $73,484 on February 12, 2024. Rather, White's counsel advised that White was "forfeiting his right and interest independent of [Ms. White]." And, unlike B & B, because Ms. White's petition was ruled untimely, she was refused a hearing based upon an "alleged" notice of forfeiture given in the civil proceeding, as opposed to the criminal proceeding.

{¶ 22} Therefore, the question becomes: How can Ms. White's petition be deemed untimely, when the Prosecutor failed to give notice as required in R.C. 2981.04(D)? Given the obvious response, the prosecutor's assertion that the notice requirement was satisfied is without merit. Consequently, the trial court's denial of Ms. White's petition for a hearing based on untimeliness is contrary to law. Ms. White's first assignment of error is sustained, and all other assignments of error are deemed moot.

{¶ 23} Judgment reversed and case remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
ANITA LASTER MAYS, J., CONCUR