[Cite as *Schwendeman v. Ohio Dept. of Transp.*, 2010-Ohio-4586.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOSEPH E. SCHWENDEMAN

Plaintiff

v.

OHIO DEPT. OF TRANSPORTATION

Defendant

Case No. 2010-01735-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Joseph E. Schwendeman, filed this action against defendant, Department of Transportation (ODOT), contending his 2007 Pontiac Vibe received body damage as a proximate cause of negligence on the part of ODOT personnel in conducting mowing operations along State Route 676. Plaintiff seeks recovery of damages in the amount of $1,775.85, the cost of repairing his vehicle. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2} Defendant filed an investigation report admitting liability, but disputing plaintiff's damage claim. Defendant submitted documentation showing plaintiff's automotive repair expense of $1,775.85 was covered in its entirety by his insurance carrier. Consequently, defendant pointed out plaintiff's entire damage claim was covered by a collateral source and is subject to the provisions of R.C. 2743.02(D).[1]

---

[1] R.C. 2743.02(D)

"(D) Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant. This division does not apply to civil actions in the court of claims against a state university or college under the circumstances described in

ODOT stated "[i]n sum, defendant respectfully requests that the present action be dismissed because plaintiff's repair bill has been compensated by a collateral source." ODOT further stated, "[s]ince this claim was paid by plaintiff's insurance company, the Defendant would like to reimburse the filing fee and file a Settlement Agreement in the amount of $25.00."

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 5} When maintenance is performed by ODOT personnel, defendant must exercise due diligence in conducting such maintenance and repair of highways. *Hennessy v. State of Ohio Highway Department* (1985), 85-02071-AD. This duty encompasses a duty to exercise reasonable care in conducting its roadside maintenance activities to protect personal property from the hazards arising out of these activities. *Rush v. Ohio Dept. of Transportation* (1992), 91-07526-AD; *Victor v. Ohio*

---

section 3345.40 of the Revised Code. The collateral benefits provisions of division (B)(2) of that section apply under those circumstances."

*Dept. of Transp.*, Ct. of Cl. No. 2007-07329-AD, 2008-Ohio-2519.

{¶ 6}  "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of negligence.  It is not necessary that the defendant should have anticipated the particular injury.  It is sufficient that his act is likely to result in an injury to someone."  *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 7}  This court, as the trier of fact, determines questions of proximate causation.  *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.  In the instant claim, sufficient evidence has been presented to show that defendant's mower operator breached a duty of care which resulted in plaintiff's property damage.  See *Barnett v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-08809-AD, 2009-Ohio-1589.  However, any damage claim plaintiff is entitled to receive is subject to the collateral source recovery provision of R.C. 2743.02(D),  Therefore, defendant is not liable for any damages claimed but is liable for the $25.00 filing fee which may be reimbursed as compensable costs.  See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOSEPH E. SCHWENDEMAN

Plaintiff

v.

OHIO DEPT. OF TRANSPORTATION

Defendant

Case No. 2010-01735-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $25.00, which represents the filing fee.   Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Joseph E. Schwendeman
1961 Highland Ridge Road
Lowell, Ohio  45744

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/la
5/18
Filed 5/25/10
Sent to S.C. reporter 9/17/10