[Cite as *State v. Bonneau*, 2013-Ohio-696.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97565**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PAUL BONNEAU

DEFENDANT-APPELLANT

### JUDGMENT:
APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-545066
Application for Reopening
Motion No. 457802

**RELEASE DATE:**    February 26, 2013

[Cite as *State v. Bonneau*, 2013-Ohio-696.]

**APPELLANT**

Paul Bonneau
No. 620-230
Grafton Correctional Institution
2500 Avon Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mark J. Mahoney
Assistant County Prosecutor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** On August 20, 2012, the applicant, Paul Bonneau, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Bonneau*, 8th Dist. No. 97565, 2012-Ohio-3258, which affirmed Bonneau's convictions for three counts of gross sexual imposition and one count of kidnapping. Bonneau states that his appellate counsel was ineffective because he did not raise issues that Bonneau wanted raised on appeal. However, Bonneau does not state what those issues are, much less argue them.

**{¶2}** App.R. 26(B)(2)(c) requires that an application to reopen have "[o]ne or more assignments of error that were not considered on the merits * * *." Thus, the failure to state any assignments of error is a sufficient reason for denying an application to reopen. *State v. Saunders,* 8th Dist. No. 96643, 2010-Ohio-4586; and *State v. Jackson*, 8th Dist. No. 88345, 2007-Ohio-5431. Without any proposed assignments of error it is impossible to determine if a genuine issue exists as to whether the applicant was deprived of the effective assistance of appellate counsel, as required by App.R. 26(B)(5).

{¶3}   Moreover, the lack of counsel, the lack of money for counsel, and the lack of legal knowledge do not exempt an applicant from fulfilling the requirements for an App.R. 26(B) application to reopen.   In *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, ¶9, the Supreme Court of Ohio noted that many Ohio criminal defendants comply with the fundamental aspects of the rule despite lack of resources.   Therefore, an applicant may not plead lack of an attorney, lack of effort or imagination, or ignorance of the law in failing to comply with the requirements of the rule.

{¶4} Accordingly, this court denies the application to reopen.

_____

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR