[Cite as *State v. Thomas*, 2015-Ohio-4486.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA


JOURNAL ENTRY AND OPINION
**No. 101630**


**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TIMOTHY THOMAS**

DEFENDANT-APPELLANT


**JUDGMENT:**
APPLICATION DENIED


Cuyahoga County Court of Common Pleas
Case No. CR-14-581697-A
Application for Reopening
Motion No. 486684


**RELEASE DATE:**   October 28, 2015

**FOR APPELLANT**

Timothy Thomas
Inmate No. 653-856
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio   43950


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Amy Venesile
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

LARRY A. JONES, SR., P.J.:

{¶1} On June 19, 2015, the applicant, Timothy Thomas, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Thomas*, 8th Dist. Cuyahoga No. 101630, 2015-Ohio-2152, in which this court affirmed Thomas's convictions for attempted murder and having a weapon while under disability, but vacated the sentence in part and remanded for a new sentencing hearing limited to the advisement of postrelease control. Thomas now argues that his appellate counsel was ineffective for (1) not arguing ineffective assistance of trial counsel for not enforcing the plea agreement for a four-year sentence, and (2) not consulting with Thomas and arguing his desired assignments of error. On August 19, 2015, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application to reopen.

{¶2} Thomas shot his wife in the back of her head while they were in their car. Based on the wife's remarks made immediately after the shooting, the state charged Thomas with attempted murder with one- and three-year firearm specifications, kidnapping, improper handling of a firearm in a motor vehicle, having a weapon while under disability, and two counts of felonious assault. Although Thomas insisted the shooting was a drug-fueled accident, he pleaded guilty to attempted murder and the one-year firearm specification, and having a weapon while under disability. Pursuant to the plea bargain, the state nolled the other charges, including the three-year firearm specification. The judge sentenced him to a total of six years: one year for the firearm specification consecutive to five years for the attempted murder, and a concurrent 36-month sentence for the weapon charge.

{¶3} Thomas's appellate counsel argued that his plea was not knowingly, intelligently, and voluntarily made because the court did not specify the maximum sentence and because he never actually admitted his guilt. This court rejected those arguments, but ruled that the trial court did not properly explain postrelease control.

{¶4} Thomas now argues that his trial counsel was ineffective for not enforcing the plea bargain, which Thomas claims was for a four-year sentence so he could obtain early judicial release. If he had known that his sentence would have been for six years, he would not have taken the deal.

{¶5} However, the transcript does not support Thomas's argument. At the beginning of the plea hearing, the prosecutor detailed the plea bargain and specified the maximum sentences. (Tr. 3-4.) Defense counsel concurred. (Tr. 4.) The trial judge indicated that he would probably go five, six, or seven years. (Tr. 7.) Although Thomas asked about judicial release and the attorneys and judge expended considerable time and effort explaining the provisions of R.C. 2929.20(B), no representations were made that Thomas would receive four years so he could take advantage of the statute. Thomas's first argument is baseless.

{¶6} Thomas next complains that his appellate counsel did not consult with him about what arguments should be made. However, appellate counsel has no duty to contact the appellant, and not contacting the appellant is not ineffective assistance of appellate counsel. *State v. Inglesias-Rodriquez,* 8th Dist. Cuyahoga No. 76028, 2000 Ohio App. LEXIS 1007 (Mar. 16, 2000), *reopening disallowed*, 2000 Ohio App. LEXIS 4882 (Oct. 12, 2000).

{¶7} Thomas also mentions that appellate counsel should have raised sentencing errors and lists the judicial release statute and two other cases, but he does not state a specific, authentic assignment of error. Without a proposed assignment of error, it is impossible to determine if a genuine issue exists as to whether the applicant was deprived of the effective assistance of appellate counsel, as required by App.R. 26(B)(5). *State v. Bonneau,* 8th Dist. Cuyahoga No. 97565, 2012-Ohio-3258, *reopening disallowed*, 2013-Ohio-696.

{¶8} Accordingly, the court denies the application to reopen.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR