[Cite as *State v. Thompson*, 2021-Ohio-2926.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                               :

    Plaintiff-Appellee,              :

                                           No. 109253

    v.                               :

WIMBERLY THOMPSON,                           :

    Defendant-Appellant.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** August 23, 2021

Cuyahoga County Court of Common Pleas
Case No. CR-18-634365-A
Application for Reopening
Motion No. 547552

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellant.*

Wimberly Thompson, *pro se.*

LISA B. FORBES, J.:

{¶ 1} Wimberly Thompson has filed an application for reopening pursuant to App.R. 26(B). Thompson is attempting to reopen the appellate judgment rendered in *State v. Thompson*, 8th Dist. Cuyahoga No. 109253, 2021-Ohio-376,

affirming his conviction and sentence for the offenses of felonious assault, aggravated vehicular assault, violating a protection order, and operating a vehicle while under the influence. We decline to reopen Thompson's appeal.

{¶ 2} App.R. 26(B)(2)(b) requires that Thompson establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment" that is subject to reopening. The Supreme Court of Ohio, regarding the 90-day deadline provided by App.R. 26(B)(2)(b), has established that:

> Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * The 90-day requirement in the rule is "applicable to all appellants," *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722.

*State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. *See also State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

{¶ 3} Thompson is attempting to reopen the appellate judgment that was journalized on February 11, 2021. The application for reopening was not filed until June 28, 2021, more than 90 days after journalization of the appellate judgment in

*Thompson, supra.* Thompson argues that "this request to grant this delayed reopening [is] due to the unprecedented and extraordinary circumstance(s) surrounding the Covid-19 global pandemic." Thompson, however, has failed to establish how the Covid-19 pandemic prevented the timely filing of his application for reopening, and thus "offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule." *Gumm* at ¶ 7. *See also State v. McCrimon*, 8th Dist. Cuyahoga No. 87617, 2017-Ohio-5742; *State v. Hammond*, 8th Dist. Cuyahoga No. 100656, 2016-Ohio-8300; *State v. Battiste*, 8th Dist. Cuyahoga No. 102299, 2016-Ohio-7232.

{¶ 4} In addition, Thompson's application for reopening exceeds the ten-page limitation established by App.R. 26(B)(4). This procedural defect provides sufficient grounds for dismissing the application for reopening. State *v. Murawski*, 8th Dist. Cuyahoga No. 70854, 2002-Ohio-3631; *State v. Caldwell*, 8th Dist. Cuyahoga No. 44360, 2002-Ohio-2751; *State v. Graham*, 8th Dist. Cuyahoga No. 33350, 1975 Ohio App. LEXIS 6710 (June 12, 1975), *reopening disallowed* (July 21, 1994), motion No. 252743; *State v. Schmidt*, 8th Dist. Cuyahoga No. 57738, 1991 Ohio App. LEXIS 5787 (Dec. 5, 1991), *reopening disallowed* (Aug. 10, 1994), motion No. 142174; and *State v. Peeples,* 8th Dist. Cuyahoga No. 54708, 1988 Ohio App. LEXIS 5294 (Dec. 22, 1988), *reopening disallowed* (Aug. 24, 1994), motion No. 254080, *aff'd,* 71 Ohio St.3d 349, 643 N.E.2d 1112 (1994).

{¶ 5} Finally, Thompson's application for reopening fails to contain a sworn statement that sets forth the basis of the claim alleging that appellate

counsel's representation was deficient and the manner in which the deficiency prejudiced the outcome of the appeal.  App.R. 26(B)(2)(d).  The sworn statement is mandatory, and the failure to comply with this requirement warrants denial of an application to reopen.  *State v. Lechner*, 72 Ohio St.3d 374, 650 N.E.2d 449 (1995).  *See also State v. Franklin*, 72 Ohio St.3d 372, 650 N.E.2d 447 (1995) (an affidavit swearing to the truth of the allegations in the application falls short of the requirements set forth in App.R. 26(B)(2)(d); application denied); *State v. Bates*, 8th Dist. Cuyahoga Nos. 97631, 97632, 97633, and 97634, 2015-Ohio-4176 (applying *Lechner* and recognizing that the sworn statement is mandatory); *State v. Brown,* 8th Dist. Cuyahoga No. 77572, 2012-Ohio-5703 (where no sworn statement was submitted, denial of the application for reopening solely on the basis of failing to comply with App.R. 26(B)(2)(d) was affirmed because inclusion of the statement was mandatory); and *State v. Davis*, 7th Dist. Mahoning No. 05 MA 3, 2007-Ohio-7213 (failure to submit a sworn statement pursuant to App.R. 26(B)(2)(d) is sufficient to deny an application to reopen).

{¶ 6}   Accordingly, we deny Thompson's application for reopening.

_____
LISA B. FORBES, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR