[Cite as *State v. Tyson*, 2025-Ohio-4588.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                                        :

    Plaintiff-Appellee,                      :

                        No. 114691

v.                                                   :

TAIJUAN TYSON,                                       :

    Defendant-Appellant.                     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** September 30, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-693158-A
Application for Reopening
Motion No. 586886

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew W. Moretto, Assistant Prosecuting Attorney, *for appellee*.

Taijuan Tyson, *pro se*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Pursuant to App.R. 26(B), applicant Taijuan Tyson seeks to reopen his appeal in *State v. Tyson*, 2025-Ohio-3074 (8th Dist.), in which this court affirmed his convictions for extortion and attempted pandering sexually oriented

matter involving a minor. Tyson alleges that appellate counsel was ineffective for failing to advance assignments of error related to the trial court's alleged (1) denial of his "speedy trial rights," (2) "misidentification" of Tyson during arraignment, (3) "unlawful detention," and (4) "manipulation" and "backdating" of the trial court docket. Tyson also claims appellate counsel failed to adequately communicate and consult with him before filing his appellate brief.

{¶ 2} For the reasons that follow, Tyson has not demonstrated a genuine issue of a colorable claim of ineffectiveness of appellate counsel as it relates to the proposed assignments of error identified in his application. Accordingly, we deny his application for reopening.

## I.    Facts and Procedural History

{¶ 3} Pursuant to a plea agreement, Tyson pled guilty to one count of extortion (Count 1) and one count of attempted pandering sexually oriented matter involving a minor (amended Count 5) in Cuyahoga C.P. No. CR-24-693158-A ("693158"). Prior to sentencing, Tyson moved to withdraw his guilty pleas. The trial court denied the motion.

{¶ 4} At the sentencing hearing, the trial court sentenced Tyson to 18 months in prison on each count and ordered that the sentences be served concurrently. The trial court also imposed a $10,000 fine (suspended) and costs and provided notifications regarding postrelease control and Tyson's classification and registration requirements as a Tier II sex offender. Tyson appealed his convictions and sentences.

{¶ 5} On appeal, Tyson argued that his guilty pleas were not entered knowingly, intelligently, and voluntarily because the trial court did not advise Tyson, prior to the entry of his guilty pleas, that by pleading guilty to attempted pandering sexually oriented matter to a minor, he would (1) be subject to a mandatory term of five years of postrelease control (and of the consequences of violating postrelease control) and (2) be classified as a Tier II sex offender (and of the registration requirements associated with that classification). Tyson also argued that the trial court's sentencing entry was clearly and convincingly contrary to law because it stated that (1) Tyson was classified as a Tier III sex offender (instead of a Tier II sex offender) and (2) Tyson was subject to five years of mandatory postrelease control on both counts (instead of on only amended Count 5). Finally, Tyson argued that the trial court had erred and abused its discretion in denying Tyson's presentence motion to withdraw his guilty pleas.

{¶ 6} On August 5, 2025, before a decision was entered in his appeal, Tyson, pro se, filed an application to reopen his appeal pursuant to App.R. 26(B). In his application, Tyson sets forth two proposed assignments of error "not considered on appeal due to appellate counsel's ineffectiveness":

First Assignment of Error
Appellate counsel was ineffective for failing to raise violations of the Sixth and Fourteenth Amendments to the United States Constitution.

Second Assignment of Error
Appellate counsel did not consult with Mr. Tyson before filing the brief.

**{¶ 7}** In support of his application, Tyson attached an "unsworn declaration" "in lieu of affidavit," which stated:

> I, Taijuan Tyson, declare under penalty of perjury that the facts stated in the attached motion to reopen appeal are true and correct to the best of my knowledge.
>
> I did not have effective assistance of appellate counsel. My attorney . . . failed to consult with me or raise serious concerns about constitutional violations, including docket manipulation, unlawful detention and backdating.
>
> I was not able to participate in my own appeal, and this has caused serious prejudice to my rights. I respectfully request the court reopen my appeal.
>
> Executed on 8/5/25.
>
> Taijuan Tyson (unavailable, blocked from communication)

**{¶ 8}** In addition to his "unsworn declaration," Tyson attached copies of various other documents to his application, including (1) an "arraignment appearance notice" in Cuyahoga C.P. No. CR-24-687979-A ("687979") for a pretrial on January 18, 2024; (2) an "arraignment appearance notice" in 693158 for a pretrial on August 13, 2024; (3) a "Court Supervised Release Contract" related to conditions of bond in 687979, dated January 18, 2024; (4) a "Statement of Account," dated June 13, 2024, from Aladdin Bail Bonds; (5) an email from Tawanna Tyson to Tyson's trial counsel dated October 1, 2024; (6) an "affidavit establishing probable cause" from the Cleveland Municipal Court, dated December 28, 2023, with various handwritten notations; and (7) what appear to be screenshots or printouts of excerpts of online case information and/or court dockets (with various handwritten notations) from 687979 and 693158.

**{¶ 9}** On August 28, 2025, we issued our appellate judgment affirming Tyson's convictions. We held that although the trial court did not fully comply with Crim.R. 11(C)(2)(a) with respect to postrelease control and sex-offender classification, Tyson did not establish that he was prejudiced by the trial court's incomplete advisements. We further held that the trial court did not abuse its discretion in denying Tyson's motion to withdraw his guilty pleas. *Tyson*, 2025-Ohio-3074, at ¶ 2-5, 41, 50, 68 (8th Dist.). We remanded the case to the trial court to issue a nunc pro tunc sentencing entry to correct clerical errors related to postrelease control and Tyson's sex-offender classification, so that the sentencing entry would reflect what had actually occurred at the sentencing hearing. *Id.* at ¶ 5, 56, 70 (8th Dist.).

**{¶ 10}** On September 2, 2025, the State filed a timely opposition to Tyson's application for reopening.

## II. Law and Analysis

### A. Standard for Reopening Appeal Based on a Claim of Ineffective Assistance of Appellate Counsel

**{¶ 11}** Under App.R. 26(B), a defendant in a criminal case may apply to reopen his or her appeal from the judgment of conviction and sentence based on a claim of ineffective assistance of appellate counsel. The application must be filed "within ninety days from journalization of the appellate judgment" unless the applicant shows good cause for filing at a later time. App.R. 26(B)(1). An application for reopening shall include (1) one or more assignments of error or arguments in

support of assignments of error that were not previously considered on the merits in the case by the appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation, (2) a "sworn statement" of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised in the application and the manner in which the deficiency prejudicially affected the outcome of the appeal, and (3) any parts of the record available to the applicant and supplemental affidavits upon which the applicant relies. App.R. 26(B)(2)(c)-(e).

{¶ 12} Claims of ineffective assistance of appellate counsel are evaluated under the same standard applied to claims of ineffective assistance of trial counsel announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Leyh*, 2022-Ohio-292, ¶ 17. Under this standard, "an applicant must show that (1) appellate counsel's performance was objectively unreasonable, [*Strickland*] at 687, and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' [*Strickland*] at 694." *Leyh* at ¶ 18.

{¶ 13} App.R. 26(B) establishes a two-stage procedure for adjudicating claims of ineffective assistance of appellate counsel. *Id*. at ¶ 19. An applicant must first make a threshold showing that appellate counsel was ineffective. *Id*. at ¶ 19, 35. An application for reopening "'shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.'" *Id*. at ¶ 21, quoting App.R. 26(B)(5). "The burden is on the applicant to demonstrate

a 'genuine issue' as to whether there is a 'colorable claim' of ineffective assistance of appellate counsel." *Leyh* at ¶ 21, citing *State v. Spivey*, 84 Ohio St.3d 24, 25 (1998). "[A]ppellate counsel need not raise every possible issue in order to render constitutionally effective assistance." *State v. Tenace*, 2006-Ohio-2987, ¶ 7, citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983), and *State v. Sanders*, 94 Ohio St.3d 150, 151-152 (2002).

{¶ 14} If the applicant makes the required threshold showing, demonstrating that "there is at least a genuine issue — that is, legitimate grounds — to support the claim that the applicant was deprived of the effective assistance of counsel on appeal," then the application shall be granted and the appeal reopened. *Leyh* at ¶ 25, citing App.R. 26(B)(5). The matter then "proceeds to the second stage of the procedure, which 'involves filing appellate briefs and supporting materials with the assistance of new counsel, in order to establish that prejudicial errors were made in the trial court and that ineffective assistance of appellate counsel in the prior appellate proceedings prevented these errors from being presented effectively to the court of appeals.'" *Leyh* at ¶ 22, quoting 1993 Staff Notes to App.R. 26(B).

### B. Tyson's Application for Reopening

{¶ 15} Because Tyson's application for reopening was filed prematurely — before we issued our appellate judgment — we treat his application as having been filed immediately after our appellate judgment was issued.

{¶ 16} In his first proposed assignment of error, Tyson asserts that appellate counsel was ineffective for not advancing assignments of error challenging (1) "the

denial of a speedy trial" and "the validity of the indictment timeline" based on the "delay" between Tyson's arrest on December 28, 2023, and his indictment six months later on June 26, 2024, (2) the "misidentification" of Tyson as "Christopher Tyson" and generation of a "duplicate bond number" during his July 24, 2024 arraignment, (3) Tyson's "unlawful detention," and (4) "the manipulation and backdating of the [trial] court docket," including "entries showing case information was entered before the indictment was filed" and "missing arraignment records." Tyson contends that these alleged failures by the trial court "undermined the integrity of the judicial process" and violated his right to due process.

{¶ 17} In his second proposed assignment of error, Tyson claims that appellate counsel was ineffective because he "failed to include exculpatory evidence or witness tampering issues" and "ignored key misconduct by the trial court and prosecution" in the appeal. Tyson further asserts that he was denied effective assistance of appellate counsel because of communication issues with appellate counsel.

{¶ 18} Tyson has not shown a genuine issue of a colorable claim of ineffective assistance of appellate counsel based on the arguments and proposed assignments of error raised in his application.

### 1. Effect of Guilty Pleas

{¶ 19} First, Tyson's convictions were based on guilty pleas. By entering guilty pleas, Tyson waived all appealable errors that may have occurred in the trial court except to the extent that those errors were based on jurisdictional defects or

prevented Tyson from entering knowing, intelligent, and voluntary guilty pleas. *See, e.g., State v. Littlejohn*, 2025-Ohio-1444, ¶ 5, 7 (8th Dist.); *State v. Morris*, 2024-Ohio-6190, ¶ 10 (8th Dist.). Tyson does not claim that any of the alleged errors identified in his application were jurisdictional or prevented him from entering knowing, intelligent, and voluntary guilty pleas. Appellate counsel was not ineffective for failing to raise alleged issues on appeal Tyson had waived by his guilty pleas. *See, e.g., Littlejohn* at ¶ 5, 7; *see also State v. Robinson*, 2017-Ohio-8055, ¶ 11 (8th Dist.) (appellate counsel was not ineffective for failing to raise a futile argument on appeal).

{¶ 20} Further, even if Tyson had not waived the alleged errors raised in his proposed assignments of error by entering his guilty pleas, we would not find grounds for reopening Tyson's appeal.

### 2. First Proposed Assignment of Error

{¶ 21} Tyson's claims of "speedy trial violation," "misidentification," "unlawful detention" and docket "manipulation" and "backdating" are not supported by the record. Review of the dockets in 687979 and 693158 show that 693158 was a refiling of 687979.[1] Tyson was arrested on December 23, 2023, and was indicted in 687979 on January 9, 2024. A superseding indictment was issued on June 26, 2024 — Tyson was reindicted on four of the original counts and on three

---

[1] Appellate courts may take judicial notice of publicly available, online court dockets when considering assignments of error. *See, e.g., State v. White*, 2024-Ohio-5916, ¶ 2, fn. 1 (8th Dist.); *State v. Estridge*, 2022-Ohio-208, ¶ 12, fn. 1 (2d Dist.); *State v. Kempton*, 2018-Ohio-928, ¶ 17 (4th Dist.).

new counts in 693158. 687979 was later dismissed without prejudice because of the reindictment in 693158. Tyson has not raised a colorable claim of a speedy-trial violation based solely on the time lapse between his arrest and his reindictment in the case at issue.

{¶ 22} With respect to his claims of "misidentification" as "Christopher Tyson" and "unlawful detainment," Tyson has not pointed to any evidence in the trial court record showing that this occurred or offered any legal authority showing that, even assuming it did occur, it is an error for which this court could provide a remedy in the context of his appeal, such that appellate counsel was deficient for failing to raise the issue. *See, e.g., State v. Burke*, 2002-Ohio-5310, ¶ 10-11 ("[D]eclining to raise claims without record support cannot constitute ineffective assistance of appellate counsel. . . . '[T]the effectiveness of appellate counsel [cannot] be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by this newly added material.'"), quoting *State v. Moore*, 93 Ohio St.3d 649, 650 (2001); *State v. Buckhalter*, 2025-Ohio-619, ¶ 8 (8th Dist.) ("It is well settled that matters outside the record do not provide a basis for reopening. . . . Allegations of ineffectiveness based on facts not appearing in the trial record . . . cannot be raised through an App.R. 26(B) application for reopening"). As such, it would not provide a basis for reopening Tyson's appeal.

{¶ 23} Tyson's claim of "backdated" docket entries appears to relate to notations on the docket stating, "12/16/2024 – Unknown," that follow the docket entries reflecting the filing of certain motions. Although there does not appear to be

anything in the record specifically indicating why those notations were made, the dates of filing of each of the motions at issue are properly reflected in the trial court's docket and match the date stamps that appear on the documents themselves. There is nothing to indicate any "backdating" occurred.

{¶ 24} Similarly, the "case information" entered on the docket before the indictment was filed in 693158 consists of docket entries identifying the date of the offense and Tyson's date of arrest and a "Complaint Summary" form that sets forth basic information regarding Tyson, the alleged incident, and the alleged offenses. And although Tyson contends that there were "missing arraignment records," he does not indicate what records he contends were missing or why they were significant for his appeal. The online dockets reflect that Tyson was arraigned in 687979 on January 12, 2024, and that he was arraigned in 693158 on July 24, 2024. Tyson has not shown that he was prejudiced or explained how he could have been prejudiced by appellate counsel's failure to raise these issues in his appeal.

{¶ 25} Accordingly, Tyson's first proposed assignment of error does not provide a basis for reopening his appeal.

### 3. Second Proposed Assignment of Error

{¶ 26} Tyson's second proposed assignment of error consists of general assertions that appellate counsel was ineffective because he failed to raise issues related to "exculpatory evidence," "witness tampering," and "key misconduct" by the trial court and prosecution in the appeal. Tyson also claims that appellate counsel was ineffective for not allowing him to actively participate in the appellate process.

Specifically, he contends that appellate counsel never consulted with Tyson regarding the arguments that should be made on appeal before counsel filed his appellate brief and that Tyson and his family members "faced barriers" in attempting to obtain transcripts and other documents from, and otherwise communicating with, appellate counsel.

{¶ 27} First, to the extent they differ from issues raised in his first proposed assignment of error, Tyson has failed to identify or describe the exculpatory evidence, witness tampering, or misconduct that appellate counsel allegedly ignored. "'Merely reciting assignments of error . . . without presenting legal argument and analysis'" explaining how appellate counsel's performance was allegedly deficient and how the applicant was allegedly prejudiced thereby "'is not sufficient to support an App.R. 26(B) application for reopening.'" *State v. Abraham*, 2025-Ohio-1446, ¶ 18 (8th Dist.) (an applicant's "laundry list of complaints does not fulfill the requisites of App.R. 26(B)"), quoting *State v. Townsend*, 2022-Ohio-4398, ¶ 7 (8th Dist.), citing *State v. Gaughan*, 2009-Ohio-2702 (8th Dist.); *see also State v. Pennington*, 2025-Ohio-1445, ¶ 14 (8th Dist.) (application that "merely list[ed] errors, rather than argue and develop them with legal authority other than a conclusory statement" was "defective").

{¶ 28} Further, Tyson has not shown or explained (1) how appellate counsel was allegedly ineffective for failing to adequately communicate with him (or his family) or by failing to provide him (or his family) with copies of transcripts or other documents or (2) how any such failures prejudicially impacted the success of his

appeal. This court has previously stated that "'not contacting the appellant is not,'" in and of itself, "'ineffective assistance of appellate counsel'" for purposes of an application for reopening an appeal. *Morris*, 2024-Ohio-6190, at ¶ 18 (8th Dist.), quoting *State v. Thomas*, 2015-Ohio-4486, ¶ 6 (8th Dist.); *see also State v. Anderson*, 2018-Ohio-82, ¶ 16 (8th Dist.) (Appellant's "dissatisfaction with his appellate counsel, in not communicating with him more, and not sending him a copy of the transcript, is not considered ineffective assistance of appellate counsel for purposes of App.R. 26(B).").

{¶ 29} Tyson does not support his claims with legal argument or analysis that demonstrates the existence of a genuine issue of a colorable claim of ineffective assistance of appellate counsel. Accordingly, Tyson's second proposed assignment of error does not provide a basis for reopening his appeal.

{¶ 30} Finally, failure to provide a sworn statement setting forth the basis for appellant's claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised in the application and the manner in which the deficiency prejudicially affected the outcome of the appeal can be grounds for denying an application for reopening. *See, e.g., State v. McFarland*, 2024-Ohio-60, ¶ 5 (8th Dist.) ("[T]he failure to provide the required sworn statement" is "a sufficient basis" to deny an application for reopening under App.R. 26(B).); *State v. Thompson*, 2021-Ohio-2926, ¶ 5 (8th Dist.) ("The sworn statement is mandatory, and the failure to comply with this requirement warrants denial of an application to reopen."), citing *State v. Lechner*, 72 Ohio St.3d 374

(1995). Tyson has not cited any legal authority to support the proposition that his unsworn declaration could be used as a substitute for, or submitted "in lieu of," the sworn statement required by App.R. 26(B)(2)(d). *Compare Lisboa v. Kleinman (In re Donnelly)*, 2011-Ohio-7080, ¶ 3 ("[U]nder Ohio law, unsworn written statements that are signed under penalty of perjury cannot be substituted for affidavits."), citing *Toledo Bar Assn. v. Neller*, 2004-Ohio-2895, ¶ 22-24. Further, it is not clear, from the parenthetical that follows Tyson's handprinted name at the bottom of the declaration — "(unavailable, blocked from communication)" — whether the declaration was subscribed by Tyson. We need not resolve these issues here because even if we were to consider Tyson's unsworn declaration, we would still find that Tyson has not shown a genuine issue of a colorable claim of ineffective assistance of appellate counsel to warrant reopening his appeal for the reasons set forth above.

{¶ 31} Tyson's application for reopening is denied.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)