[Cite as *State v. Silver*, 2025-Ohio-5509.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                     :

    Plaintiff-Appellee,         :

                            No. 114499

    v.                          :

TERRELL SILVER,                    :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** December 9, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-680442-A
Application for Reopening
Motion No. 588650

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew W. Moretto, Assistant Prosecuting Attorney, *for appellee.*

Terrell Silver, *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} On October 7, 2025, the applicant, Terrell Silver, applied pursuant to App.R. 26(B), to reopen this court's judgment in *State v. Silver,* 2025-Ohio-2771

(8th Dist.), in which this court affirmed his convictions for seven counts of aggravated murder, four counts of murder, five counts of felonious assault, one count of aggravated burglary, one count of attempted murder, and two counts of having weapons while under disability. The gravamen of Silver's application is that his appellate counsel did not argue that the procedures for a death penalty case were not followed. On November 4, 2025, the State of Ohio filed its brief in opposition. For the following reasons, this court denies the application to reopen.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} The evidence at trial showed that Silver murdered four individuals and the unborn child of one of those individuals in an abandoned house. From this incident, the grand jury indicted him for 15 counts of aggravated murder. These counts contained one- and three-year firearm specifications and a 54-month firearm specification. Each of these indictments included the language: "The State of Ohio reserves the right to seek a superseding indictment containing the appropriate 2929.04(A) Aggravating Circumstance(s)/Specifications." The indictment also included one count of aggravated burglary, four counts of murder, four counts of felonious assault, one count of aggravated robbery, one count of tampering with evidence, and one count of having a weapon while under disability. In a separate incident he was indicted for attempted murder, felonious assault, and having a weapon while under disability. He was convicted of the counts as mentioned above, and the trial court imposed an aggregate sentence of 30.5 years consecutive to five consecutive life sentences without the possibility of parole.

{¶ 3} Silver's appellate counsel argued that there was insufficient evidence to support the verdicts, that the verdicts were against the manifest weight of the evidence, that the trial court erred in allowing hearsay evidence, that trial counsel was ineffective for not moving for a mistrial because of the hearsay evidence, and that the trial court erred in admitting prejudicial, gruesome crime scene and autopsy photographs into evidence.

{¶ 4} Silver now alleges that his appellate counsel was ineffective.

## LEGAL ANALYSIS

{¶ 5} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989); and *State v. Reed*, 1996-Ohio-21.

{¶ 6} Additionally, App.R. 26(B)(2)(c) requires the applicant to argue one or more assignments of error that were not argued in the original appeal. Silver fails to state any assignments of error. This is sufficient reason to deny his application. *State v. Bonneau,* 2013-Ohio-696 (8th Dist.).

{¶ 7} Nevertheless, a review of Silver's application shows that he is arguing that his aggravated murder case was a capital case and the procedures for a capital case were not followed, specifically that the venire was not conducted as a capital venire and the jury was not instructed on sentencing and was not allowed to sentence him.

**{¶ 8}** However, these arguments are baseless. The necessary capital specifications under R.C. 2929.04(A) were not included in the indictment, and this was not a capital case. Appellate counsel properly declined to raise baseless assignments of error.

**{¶ 9}** Accordingly, this court denies the application to reopen.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR