[Cite as *State v. Ford*, 2026-Ohio-2180.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

    v. :

BRUCE FORD, :

    Defendant-Appellant. :

No. 115098

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** June 5, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-679300-A
Application for Reopening
Motion No. 594272

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee.*

Bruce Ford, *pro se.*

LISA B. FORBES, P.J.:

{¶ 1} On April 9, 2026, Bruce Ford ("Ford") applied to reopen this court's judgment in *State v. Ford*, 2026-Ohio-348 (8th Dist.), in which this court affirmed

his convictions and sentence for three counts of theft and one count of engaging in pattern of corrupt activity. For the reasons that follow, we deny Ford's application.

{¶ 2} Pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60 (1992), a defendant in a criminal case may apply to reopen an appeal from a judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. Generally, to establish ineffective assistance of counsel, a defendant must show that his or her attorney was deficient — made errors so serious that the attorney was not functioning as "counsel" guaranteed by the Sixth Amendment — and that these errors prejudiced the defense, that is, deprived defendant of a fair trial. *State v. Newberry*, 2025-Ohio-2004, ¶ 28 (8th Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "'To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for the counsel's errors, the result of the trial would have been different.'" *State v. Jones*, 2025-Ohio-2866, ¶ 29 (8th Dist.), quoting *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.

{¶ 3} Claims of ineffective assistance of appellate counsel are evaluated using the same standard established in *Strickland* to evaluate trial counsel's conduct. *State v. Tyson*, 2025-Ohio-4588, ¶ 12 (8th Dist.), citing *State v. Leyh*, 2022-Ohio-292, ¶ 17 (8th Dist.). An application for reopening based on such a claim shall be granted if the applicant demonstrates that there is a genuine issue as to whether he or she was deprived of the effective assistance of counsel during his

appeal. *Id.* at ¶ 13, citing *id.* at ¶ 21, citing App.R. 26(B)(5). If the appeal is reopened, the applicant may file """"appellate briefs and supporting materials with the assistance of new counsel, in order to establish that prejudicial errors were made in the trial court and that ineffective assistance of appellate counsel in the prior appellate proceedings prevented these errors from being presented effectively to the court of appeals."""" *Id.*, quoting *Leyh* at ¶ 22, quoting 1993 Staff Notes to App.R. 26(B).

{¶ 4} Ford asserts that he was denied effective appellate counsel because, on appeal, his attorney failed to challenge the trial court's jurisdiction over this matter. Ford argues that the Cuyahoga County Common Pleas Court lacked jurisdiction to try him for two of the theft charges for which he was convicted because witnesses testified that these thefts occurred in Huron and Stark counties. Ford also argues that, absent these theft convictions, the record contained insufficient evidence to support his conviction for engaging in pattern of corrupt activity. *See State v. Sultana*, 2016-Ohio-199, ¶ 17 (8th Dist.), citing *State v. Miranda*, 2014-Ohio-451, ¶ 13, citing R.C. 2923.32(A)(1) (To support a conviction for engaging in pattern of criminal activity, the State must prove, in part, that "the defendant committed two or more predicate offenses."). *See also* R.C. 2923.31(I)(2)(c) (setting forth predicate offenses for engaging in pattern of corrupt activity, including violations of R.C. 2913.02, which is Ohio's theft statute).

{¶ 5} Ford has not demonstrated that a genuine issue exists regarding whether he was deprived of effective appellate counsel by his attorney's supposed

failure to challenge the court's jurisdiction.  R.C. 2901.11 and 2901.12, respectively, address personal jurisdiction for criminal acts and venue in criminal cases.[1]  Concerning jurisdiction over the person, "A person is subject to criminal prosecution and punishment in this state if . . . [t]he person commits an offense under the laws of this state, any element of which takes place in this state."  R.C. 2901.11(A)(1).[2]  As for venue,

> [w]hen an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred.

R.C. 2901.12(H).

{¶ 6}  Pertinent here, a course of criminal conduct is shown by offenses committed "in furtherance of the same purpose or objective" or involving "the same or a similar modus operandi."  R.C. 2901.12(H)(3), (5).  "Modus operandi evidence shows 'shared characteristics' between acts 'that make the conduct unique to the perpetrator.'"  *State v. Zolikoff*, 2025-Ohio-5040, ¶ 46, fn. 1 (8th Dist.), quoting *State v. Hartman*, 2020-Ohio-4440.

{¶ 7}  In light of these statutes, under certain circumstances, the Ohio Supreme Court has affirmed convictions that occurred in a county other than the

---

[1] Ford does not contest a common pleas court's ability to hear felony cases, like this matter.  *See* R.C. 2931.03 ("The court of common pleas has original jurisdiction of all crimes and offenses. . . .").  *See also State v. Stoudemire*, 2021-Ohio-1496, ¶ 10 (8th Dist.) ("A common pleas court has subject-matter jurisdiction over felony cases.").

[2] There is no question that Ford was charged with felony offenses under Ohio law, all of which were alleged to have occurred in Ohio.

county in which the trial court was located. "R.C. 2901.11 and 2901.12 permit a grand jury to indict an offender for offenses that occurred outside the county, provided that the offenses are part of the same course of criminal conduct that took place in the county in which the grand jury resides." *State v. Jackson*, 2014-Ohio-3707, ¶ 131. In *Jackson*, the Ohio Supreme Court found, "There is no constitutional or statutory provision that prohibited the Cuyahoga County Grand Jury from indicting [defendant] for offenses that occurred in Erie and Lorain Counties as part of a course of criminal conduct that included crimes within Cuyahoga County." *Id.*

{¶ 8} Similarly, in this case, the thefts for which Ford was convicted were part of a course of criminal conduct that took place, in part, in Cuyahoga County, where Ford was indicted and tried. At trial, regarding one of the thefts for which Ford was convicted, Darrell Bralley testified that he was a truck driver and that he made a delivery to a gas station in Cleveland, Ohio, on June 1, 2022. *Ford*, 2026-Ohio-348, at ¶ 7 (8th Dist.). During this delivery, "'two guys stole . . . cigarettes off the back of the truck while I was inside the store.'" *Id.*

{¶ 9} Further, as we noted in our decision affirming Ford's convictions, the evidence showed that the thefts in this case, including the theft that occurred in Cuyahoga County, shared a common modus operandi. "In all three instances, over a period of less than five months, at least Ford and Brooks drove together to a store and stole cases of cigarettes from the cargo hold of a truck." *Ford* at ¶ 40. We also found that the "thefts shared a common purpose — to steal cigarettes." *Id.* at ¶ 41. Consequently, we find that Ford's convictions arose from a course of criminal

conduct that partially took place in Cuyahoga County. Ford has, therefore, not demonstrated any possibility that appellate counsel performed deficiently or changed the outcome of this proceeding by not challenging the court's jurisdiction or venue.

{¶ 10} Further, any failure by appellate counsel to raise Ford's proposed assignments of error did not change this case's outcome because Ford did not challenge jurisdiction or venue during the trial court proceedings. "In a criminal case, the court secures jurisdiction over the person by the lawful process of arrest and arraignment of the defendant and his plea to the charge." *State v. Jeffries*, 2023-Ohio-4657, ¶ 4 (8th Dist.), citing *State v. Henderson*, 2020-Ohio-4784, ¶ 36. "A defendant also submits to the court's jurisdiction if he does not object to the court's exercise of jurisdiction over him." *Henderson* at ¶ 36, citing *Tari v. State,* 117 Ohio St. 481, 491 (1927). According to *Tari*:

> While it is well settled that jurisdiction over the subject-matter cannot be conferred by consent, it is equally well settled that a submission on the part of a defendant without objection to being tried completes jurisdiction over the person . . . .

*Tari* at 491.

{¶ 11} Similarly, "'[a]lthough venue is not a material element of the offense charged, venue is a fact that must be proved in a criminal prosecution *unless it is waived by the defendant.*'" (Emphasis in original.) *In re D.W.*, 2022-Ohio-1407, ¶ 15 (8th Dist.), quoting *State v. Rivera,* 2013-Ohio-3244, ¶ 47 (8th Dist.), citing *State v. Headley*, 6 Ohio St.3d 475 (1983). A defendant has "*waive*[*d*] *the right to*

*challenge venue when the issue is raised for the first time on appeal.*" (Emphasis in original.) *Id.*, quoting *id.*, citing *State v. Coley*, 93 Ohio St.3d 253, 258 (2001).

{¶ 12} Ford was arraigned in the Cuyahoga County Court of Common Pleas and pled not guilty to the charges against him in the indictment. The indictment did not specify in what jurisdiction Ford allegedly committed the theft offenses in this case. The indictment did list, however, Cuyahoga County among the counties in which the conduct underlying the engaging-in-pattern-of-corrupt-activity charge allegedly occurred. Put another way, despite receiving notice that he was being charged in Cuyahoga County for conduct that allegedly occurred in Cuyahoga County, Ford did not challenge personal jurisdiction or venue during the proceedings below. In failing to do so, he waived these objections. We do not find that appellate counsel changed the outcome of Ford's direct appeal by not raising the objections to personal jurisdiction and venue that Ford waived at trial.

{¶ 13} In light of the foregoing, we find no genuine issue as to whether Ford received effective appellate counsel. We, therefore, deny the application to reopen.

_____

LISA B. FORBES, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
DEENA R. CALABRESE, J., CONCUR